Teahan, J.
This report is claimed from the dismissal of a draft report under Dist./Mun. Cts. R. Civ. R, Rule 64(c) (ii). The relevant facts indicate a civil entry and trial arising out of plaintiffs claim for rent due under a lease. Defendant filed requests for rulings of law in a timely manner at the completion of trial September 7, 1990. Judgment was entered for the plaintiff on November 23, 1990, including findings of fact and rulings of law. On November 26,1990 a motion for new trial pursuant to Dist./Mun. Cts. R. Civ. R, Rule 59 was filed. On February 6,1991 the denial of that motion was entered on the docket thereby triggering the 10-day period for filing of a request for a report and a draft report under Rule 64(c) (i) and (ii). The same day a docket entry was made indicating “original draft report sent to Geenty, J. Dudley District Court.” This case was heard in the Central Worcester Division. The trial judge acknowledged receipt of the draft report from the Central Worcester Division, but no original filing was apparently retained by that court in the case folder. On February 13,1991, a revised draft report was sent directly to Geenty, J. at Dudley District Court. The Court was asked by cover letter to allow the revised draft report. Without hearing as provided in Rule 64(c) (4), by order dated April 12, 1991 the draft report was ordered dismissed “for failure of the appealing party to comply with the rules applicable to draft reports ... the appealing party failed to file or have properly docketed either its draft report or ‘revised draft report.’” A motion was subsequently filed before the Court seeking reconsideration of the status of the draft report with a photocopy of the docket sheet attached. Following hearing, it was denied on May 2,1991. The Court at oral argument on that motion indicated dismissal was based on the premise that there was no draft report located in the file.
This claim of a report was filed on May 10,1991.
A draft report may be dismissed for failure to comply with the statutes or any rules applicable to draft reports. Rule 64(c) (6).
This case falls under our review based on the trial court’s conclusion that no draft was filed with the clerk of the trial court within 10 days after entry of judgment. No issue is raised of timeliness or furnishing the trial judge with a copy of the draft report filed as required by Rule 64(c) (3); instead compliance with the filing requirement is the gravamen of this report.
It is clear from the report which reproduces docket entries that a draft report was filed. The trial judge acknowledges receiving the draft report in an envelope from the Central Worcester Division. Clearly, on these facts the clerk’s office of that court docketed the filed draft report and discretionarily sent it on to the trial *108 judge. Whether that court-initiated action was appropriate procedurally under Rule 79(a) need not be reviewed since error, if any, cannot be attributed to the defendant-appellant. We disagree with the trial court’s conclusion that the party filing a draft report must insure after its receipt by the clerk’s office that it is “properly docketed.” Under the facts presented, it appears properly docketed although the original should have been retained at the court and a copy sent to the trial judge. Rule 64(c) (6) providing for the dismissal of draft reports for failure to comply with the applicable rule states that the judge “may” order dismissal. There being no basis for finding the report was not filed, the court’s dismissal of the report is inappropriate. See Cape Cod Bank & Trust Co. v. Letendre, 384 Mass. 481, 484-85 (1981).
The entry of dismissal of the draft report dated April 12, 1991 is vacated. The matter is remanded to the trial court for further proceedings under the rule.